[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2011
JOHN LEY
CLERK

No. 10-13452
Non-Argument Calendar

_____

Agency No. A094-882-570


COROMOTO CATHERINE ANEZ ARAUJO,
GABRIEL JOSUE CUETO SANCHEZ,

                                                              Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 29, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Coromoto Catherine Anez Araujo and her son, Gabriel Josue Cueto Sanchez, natives and citizens of Venezuela, petition for review of the denial of Araujo's application for asylum and withholding of removal under the Immigration and Nationality Act. 8 U.S.C. §§ 1158, 1231. The Board of Immigration Appeals agreed with the findings of the immigration judge that Araujo's testimony had not been credible and she had failed to present evidence to corroborate her testimony. We deny the petition.

The government argues that we lack jurisdiction to review Araujo's petition because she did not "meaningfully challenge" the finding that she had failed to present evidence to corroborate her testimony, but we disagree. Araujo argued before the Board that her testimony had been consistent and credible, there was no need for corroborating evidence, and she had presented sufficient corroborating evidence.

Substantial evidence supports the finding that Araujo was not credible, and the immigration judge provided specific and cogent reasons to support that finding. Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1344–45 (11th Cir. 2008). To obtain status as a refugee, an alien must provide "testimony [that] is credible, is persuasive, and refers to specific facts," 8 U.S.C. § 1158(b)(1)(B)(ii), but Araujo's testimony was inconsistent and implausible. Araujo gave, for

2

example, three different accounts about how she had learned who destroyed the windows in her living room: she told the Venezuelan police that she had seen "military men (2 men with military uniforms) with guns"; she stated in her application that she had been "told by some witnesses that two men in military uniforms had fired several shots against [her] windows from the street"; and she testified that a "neighbor [had] told [her] the following day [that] he had seen . . . two men ride in a van, and one of them fired shots." Araujo's accounts also differed from her brother's testimony that, a month after the incident, Araujo "didn't know" who was the vandal. When asked to explain these inconsistencies, Araujo responded that the police report contained a "mistranslation." Although Araujo argues that the inconsistencies in her testimony are "not . . . material," they did not have to relate "to the heart of [her] allegations of past persecution or fear of future persecution," 8 U.S.C. § 1158(b)(1)(B)(iii), to support the adverse credibility determination. See Xia v. U.S. Att'y Gen., 608 F.3d 1233, 1239–40 (11th Cir. 2010). Araujo also argues that the Board erroneously dismissed her appeal based on a "per se rule that [she] fail[ed] to address corroboration," but the Board "agreed with [the] determination" of the immigration judge that Araujo "was not credible owing to the lack of corroboration of her claims and an inconsistency in her submitted evidence."

3

Araujo's testimony was weak, which created a "greater . . . need for corroborative evidence," Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005), that Araujo failed to provide. See 8 U.S.C. § 1158(b)(1)(B)(ii). Although Araujo's parents allegedly witnessed the destruction of her windows, and her father allegedly repelled four women who attacked Araujo, and her father allegedly answered a telephone call in which a member of the Venezuelan military threatened her, Araujo failed to call either of her parents to testify. Araujo could have provided corroborating testimony from her parents because, in her words, her parents "spen[t] more time here" in the United States than in Venezuela. Araujo likewise could have called her son, who accompanied her to the removal hearing, to testify about the alleged attempted kidnapping of him at his school.

"[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary ," 8 U.S.C. § 1252(b)(4)(B), and we may not reverse those findings unless "'the record compels a reversal," Mohammed, 547 F.3d at 1345 (quoting Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)). See Xia, 608 F.3d at 1239. Because Araujo's testimony was not credible and she failed to provide any evidence that corroborated her allegations of persecution, substantial evidence supports the findings that Araujo failed to prove that she suffered past persecution at the hands

4

of, or had a well-founded fear of future persecution by, the Venezuelan government. Araujo "failed to establish eligibility for asylum, [and] likewise failed to establish eligibility for withholding of removal." Shkambi v. U.S. Att'y Gen., 584 F.3d 1041, 1052 (11th Cir. 2009).

Araujo's petition for review is **DENIED**.